United States District Court
Southern District of Texas

**ENTERED**
~~May 13~~, 2019

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Charles Dewayne Franklin, §<br>　　Petitioner, §<br>§<br>v. §<br>§<br>§<br>Lorie Davis, §<br>Director, Texas Department of §<br>Criminal Justice, Correctional §<br>Institutions Division, §<br>　　Respondent. § | Civil Actions H-18-3627 |

## Memorandum and Recommendation

　　Charles Dewayne Franklin is serving sixty years in the Texas Department of Criminal Justice for burglary of a habitation. (D.E. 13-2 at 37.) Franklin filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his parole revocation and five unspecified parole denials. (D.E. 1, 6.) Lorie Davis has moved for summary judgment. (D.E. 15.) The court recommends that Davis's motion for summary judgment be granted and Franklin's petition be dismissed with prejudice. *See* 28 U.S.C. § 2254(d).

　　On January 27, 1999, the 85th District Court of Brazos County, Texas, sentenced Franklin to sixty years in prison for burglary of a habitation. Franklin entered TDCJ custody on February 11, 1999. TDCJ released him to parole on September 28, 2010.

　　On July 25, 2014, the TDCJ Parole Division issued a warrant for Franklin's arrest, and the Harris County Sheriff's Office arrested him on July 29, 2014. On August 22, 2014, the Texas Board of Pardons and Paroles (the Parole Board) held a parole revocation hearing, which Franklin attended without a lawyer. The Parole Board revoked Franklin's parole on September 2, 2014, and Harris County transferred Franklin to TDCJ custody on October 28, 2014.

Franklin filed a state habeas application in 2015, which the Texas Court of Criminal Appeals dismissed the same year.

Franklin filed this federal petition for writ of habeas corpus on September 17, 2018. (D.E. 1.) He filed an amended petition on October 18, 2018. (D.E. 6.) His petition raises two grounds for relief. First, he alleges that the Parole Board improperly revoked his parole. Second, he alleges that the Parole Board improperly denied him parole five times despite his having no disciplinary problems in custody.

Franklin's petition is subject to the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *Brown v. Johnson*, 216 F.3d 1079 (5th Cir. 2000).

*1. Franklin's parole revocation claim*

Franklin's first claim should be dismissed because it is barred by the AEDPA statute of limitations. AEDPA sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Franklin attended his parole revocation hearing on August 22, 2014. The Parole Board revoked his parole on September 2, 2014. Franklin knew the factual predicate of his first claim no later than September 2, 2014, when his parole was revoked. 28 U.S.C. § 2244(d)(1)(D); *see also Hunt v. Thaler*, No. H-11-cv-1523, 2011 WL 5902240, at *2 (S.D. Tex. Nov. 22, 2011). The limitations period ended one year later, on September 2, 2015.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for State post-conviction or other collateral review" is pending tolls the one-year limitations period. For purposes of tolling under § 2244(d)(2), a state habeas petition is "pending" from the day it is filed through and including the day it is decided. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Franklin filed a state habeas application on June 8, 2015. The TCCA dismissed the petition as successive on September 9, 2015. Therefore, the limitations period was tolled for 94 days, extending the deadline to file his federal habeas petition to December 14, 2015. Franklin did not file this federal petition until September 21, 2018.

Franklin argues that he is entitled to equitable tolling because he does not understand the law and is unable to hire an attorney. Franklin is not entitled to equitable tolling. For equitable tolling to apply, the petitioner must demonstrate (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Generally, equitable tolling is warranted only when a petitioner is actively misled by the state or prevented from asserting his rights through a timely filed petition. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*,

177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner has the burden of showing that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the state misled Franklin or prevented him from filing within the deadline. Nor does the record support a finding that Franklin was diligent in pursuing his rights. Almost three years lapsed between the expiration of the federal limitations period and when he filed his federal habeas petition.

No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(C).

2. *Franklin's parole denial claim*

Relief on Franklin's second claim should also be denied. Franklin states that the Parole Board denied him release on parole five times "with different reasons" despite never having "had a disciplinary problem on this violation." He claims "that the board has been unfair and unjust to me." (D.E. 6 at 7.)

Davis argues that relief on Franklin's second claim should be denied because the claim is unexhausted. (D.E. 12 at 10.) Under 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Courts are expected "to exercise discretion in each case to decide whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith." *Horsley v. Johnson*, 197 F.3d 134, 136 (5th Cir. 1999). In the interest of judicial economy, the court recommends denying relief on the merits of Franklin's second claim because it raises no cognizable grounds for federal habeas relief.

Given his self-represented status, the court liberally construes Franklin's petition. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Liberally construed, Franklin's second claim is that he was denied parole without due process. Franklin cannot show that he is entitled to relief under the Due Process Clause.

4

"The protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.) (citing *Olim v. Wakinekona*, 451 U.S. 238, 250-51 (1983)). There is no protected liberty or property interest in release on parole. *See Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, Franklin's claim "simply [does] not assert a federal constitutional violation." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997); *see also Martinez v. Quarterman*, No. H-06-cv-2387, 2006 WL 2090685, at *2 (S.D. Tex. July 25, 2006) (dismissing federal habeas corpus petition claiming Due Process Clause violations in denial of parole).

### 3. Conclusion

The court recommends that Davis's motion be granted and Franklin's petition be dismissed with prejudice. Any remaining motions are terminated as moot.

Franklin has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its ruling. Therefore, this court recommends that a certificate of appealability not be issued. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 10, 2019.

Peter Bray
United States Magistrate Judge